UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 25-cv-62073

ADAM LEWIS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

JELLY BELLY CANDY COMPANY,

Defendant.

---

**NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant Jelly Belly Candy Company ("Jelly Belly") is giving notice of removal of this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida. In support, Jelly Belly respectfully states the following:

**Background & Allegations**

1. Plaintiff initiated this case on September 5, 2025, by filing a class action complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *Adam Lewis, et al. v. Jelly Belly Candy Company*, Case No. CACE 25013472. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint and all other process, pleadings, and orders served on Jelly Belly are attached to this Notice as **Exhibit 1**. A true and correct copy of the docket in the Broward County action is attached to this Notice as **Exhibit 2**.

2. Jelly Belly was served with a Summons and a copy of the Complaint on September 16, 2025.

3. Plaintiff's Complaint alleges a violation of the Florida Telephone Solicitation Act ("FTSA"), specifically Fla. Stat. § 501.059(8)(b), as amended by Senate Bill No. 1120, which became effective on July 1, 2021. Plaintiff alleges that Jelly Belly violated § 501.509(8)(b) because Jelly Belly sent Plaintiff a text message that populated Plaintiff's caller ID with a short code instead of a phone number that Plaintiff could call back. (Compl. ¶¶ 16-19).

4. Plaintiff further implicates intentional, knowing, and willful conduct by alleging that Jelly Belly "intentionally transmit[s] telephone numbers to recipient's Caller ID services that are not capable of receiving telephone calls." (Compl. ¶ 6).

5. Plaintiff filed this action on behalf of himself and on behalf of a putative class that consists of and is defined as: "All persons and entities that reside in Florida whose caller identification service was transmitted a telephone number that was not capable of receiving telephone calls when Jelly Belly Text Message Sales Calls were made to them since July 1, 2021." (Compl. ¶¶ 24-25).

6. Plaintiff alleges that his "proposed class exceeds 100 members." (Compl. ¶ 26).

7. Plaintiff seeks to recover injunctive and monetary relief on behalf of himself and the putative class pursuant to Fla. Stat. § 501.059(10)(a), which expressly allows aggrieved parties to recover $500 per violation, which can be trebled to $1,500 if a court finds the defendant acted willfully or knowingly when it violated the statute.

8. In his prayer for relief, Plaintiff seeks individual and class-wide relief based on (i) a finding that Jelly Belly is liable to pay liquidated damages of $500 for each violation of the FTSA, (ii) an injunction requiring Jelly Belly to transmit a telephone number that is capable of receiving telephone calls, (iii) a judgment that includes pre-judgment interest and allowable costs, (iv) a requirement to pay a court appointed trustee, at Jelly Belly's expense, the full amount of

liquidated damages for distribution to the putative class, (v) an award of Plaintiff's attorney's fees, (vi) an incentive bonus to the named Plaintiff, and (vii) all other relief the Court deems appropriate.

9. Jelly Belly disputes Plaintiff's allegations and believes the Complaint lacks merit. In seeking removal, Jelly Belly does not waive any arguments or defenses, including any motions to dismiss pursuant to Fed. R. Civ. P. 12. *See Kostelac v. Allianz Global Corporate & Specialty AG*, 517 F. App'x. 670, 674 n.6 (11th Cir. 2013) (noting that removal "from state to federal court does not waive any Rule 12(b) defenses").

**Venue**

10. Plaintiff filed this action in the Circuit Court of the Seventeenth Judicial Circuit for Broward County, Florida, which is located in the federal Southern District of Florida. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1441(a) because this District encompasses the county in which the state court action is pending.

**Notice to Plaintiff**

11. Concurrently with the filing of this Notice of Removal in this Court, Jelly Belly will serve a written Notice of Removal on Plaintiff's counsel and will file a copy of this Notice of Removal electronically with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d), which shall furnish an electronic copy of this Notice to Plaintiff's counsel.

**Timely Removal**

12. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446 (b)(1) because it is being filed within thirty (30) days of September 16, 2025, the date on which Jelly Belly received the Complaint through service of summons and a copy of the Complaint. This Notice of

Removal also is filed within one (1) year of the commencement of this action on September 5, 2025, and thus this Notice of Removal is also timely pursuant to 28 U.S.C. § 1446(c)(1).

**Grounds for Removal Under the Class Action Fairness Act**

13. This Court has subject matter jurisdiction by virtue of 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"), because this case involves claims between parties of diverse citizenship and the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and the purported class contains at least 100 persons. *See Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006).

14. Plaintiff intends to bring his claims on behalf of himself and all others similarly situated pursuant to Florida Rules of Civil Procedure 1.220(b)(2) and (b)(3). (Compl. ¶¶ 10, 24-31). Florida's Rules of Civil Procedure regarding class actions are patterned after Rule 23 of the Federal Rules of Civil Procedure. *See Senger Bros. Nursery, Inc. v. E.I. Dupont de Nemours & Co.*, 184 F.R.D. 674, 682 (M.D. Fla. 1999). Thus, this case is a putative class action under 28 U.S.C. § 1332(d)(2).

15. The parties are completely diverse. Plaintiff, an individual, alleges that he resides in Florida, and is therefore a citizen of Florida, and he seeks to certify a Florida class. (Compl. ¶ 14). Jelly Belly is a California corporation with its principal place of business in California for purposes of diversity. Jelly Belly is a citizen of California. *See* Decl. of Bryan Pergakis, ¶ 5, attached as **Exhibit 3**; *Wylie v. Red. Bull N. Am., Inc.*, 627 F. App'x. 755, 757 (11th Cir. 2015) (noting that 28 U.S.C. § 1332(c)(1) states that a corporation is a "citizen of every State by which is has been incorporated and of the State . . . where it has its principal place of business"). Minimal diversity exists between Plaintiff and members of the putative class and Jelly Belly. *See Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 911-12 (11th Cir. 2014) (acknowledging that minimal diversity

under CAFA exists where "*any* member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant") (alteration in original).

16. Furthermore, Plaintiff's Complaint alleges that he intends to certify and represent a class of all "persons and entities" that reside in Florida who received SMS messages from Jelly Belly since "July 1, 2021." He alleges, on information and belief, that the putative class exceeds 100 members and is "so numerous that joinder of all members is impracticable and uneconomical." (Compl. ¶¶ 25-26). Thus, the putative class size exceeds the required minimum under CAFA. *See* 28 U.S.C. § 1332(d)(5).

17. The amount in controversy also plausibly exceeds the required minimum under CAFA. *Anderson v. Witco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) ("A defendant seeking to remove a case to federal court must file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (holding that, under CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). As recognized by the Eleventh Circuit, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements" and may make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)); *see also Fox v. Ritz-Carlton Hotel Co., LLC*, 977 F.3d 1039, 1045 (11th Cir. 2020) ("'If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.'") (quoting *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 n.8 (11th Cir. 2010)).

18. Jelly Belly need not show that Plaintiff is entitled to or could recover any damages or show injury for removal purposes. *See Dudley*, 778 F.3d at 913 ("[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it . . . . Moreover, at the jurisdictional stage, 'the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.'") (quoting *Pretka*, 608 F.3d at 751, 754).

19. Here, Plaintiff seeks a minimum of $500 for each alleged violation of the FTSA (or each text message sent) and, in support, alleges that Jelly Belly sent multiple text messages to Plaintiff and to the more than 100 putative class members Plaintiff wants to represent. (Compl. at 10-11, Prayer for Relief). Plaintiff further alleges that Jelly Belly "intentionally" or knowingly sent text messages in violation of the FTSA. (Compl. ¶ 6). Plaintiff then alleges that Jelly Belly's "intentional" violations were "typical" of the class members' purported claims. (Compl. ¶¶ 16-19; 28).

20. The FTSA provides, in part, that a party that is aggrieved by a violation of its terms may bring an action to enjoin the violation and recover "actual damages or $500, whichever is greater." Fla. Stat. § 501.059 (10)(a)(1-2). Beyond that, the FTSA contains a provision that allows for treble damages for willful or knowing conduct: "If the court finds that the defendant willfully or knowingly violated this section or rules adopted pursuant to this section . . . , the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under paragraph (a)." *Id.* at 10(b).

21. Here, Jelly Belly's available records show that at least 11,000 SMS messages were sent to at least 100 phone numbers with Florida area codes. (Ex. 3, ¶ 4). Also, Plaintiff alleges that

Jelly Belly "intentionally" sent multiple messages to the more than 100 putative class members, thereby triggering treble damages of $1,500 per each "knowing" violation of the FTSA.

22. Jelly Belly's declarant has testified that at least 11,000 SMS messages were sent to at least 100 phone numbers with Florida area codes since July 1, 2021. (Ex. 3, ¶ 4). Estimating that each putative class member would be entitled to up to $1,500 in trebled statutory damages under the FTSA for each "intentional" violation, it is plausible that the amount in controversy exceeds $16,500,000. Even assuming Plaintiff is only entitled to liquidated damages of $500 per violation, it is still plausible the amount in controversy exceeds $5,500,000. Under either scenario, it is plausible that the amount in controversy exceeds CAFA's minimum of $5,000,000.

23. Plaintiff also seeks an award of "reasonable attorneys' fees" and costs, Compl. at 11, Prayer for Relief, ¶ H, which the FTSA also allows. The FTSA states: "The trial judge shall award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit." Fla. Stat. § 501.059(10). The costs and fees to pursue relief on behalf of a putative class can be substantial and should be taken into account. *Progressive Am. Ins. Co. v. Anderson*, No. 17-cv-370, 2018 U.S. Dist. LEXIS 130101, at *8-9 (M.D. Fla. May 8, 2018) ("When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees may be included in the amount in controversy.").

24. In addition to attorney's fees, Plaintiff also seeks declaratory and injunctive relief, Compl. at 11, Prayer for Relief, ¶¶ D and E. Plaintiff requests an injunction requiring Jelly Belly to "transmit to Plaintiffs' caller identification services a telephone number that is capable of receiving telephone calls" when sending text messages. *Id.* The amounts associated with this injunctive relief should also be considered in determining the amount in controversy. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) ("When a plaintiff seeks injunctive or declaratory relief, the

amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective."); *Law Office of William J. Scott, P.A. v. ScanSTAT Technologies, LLC*, 2023 WL 3751600, at *3 (M.D. Fla. Apr. 28, 2023) ("In valuing claims for injunctive relief . . . [t]he monetary value is measured by 'the benefit that would flow to the plaintiff if the relief he is seeking were granted.'") (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000)). To the extent a violation occurred (it has not) and an injunction is entered, Plaintiff stands to receive a benefit equal to the amount designated in the statute. Here, through the FTSA, Florida's legislature has valued the cost of allegedly violating the statute at up to $500 per text or call. Based on this valuation, the benefit of an injunction for Plaintiff and his purported class of at least 100 members could be worth at least $50,500.

25. Plaintiff could have originally filed this case in federal court. Any civil action filed in state court may be removed to federal court if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a).

**Conclusion**

WHEREFORE, Jelly Belly respectfully requests that Plaintiff's state-court action be removed from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, where the case is now pending, to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, and that this Court assume full jurisdiction over the case as the law provides.

TAFT STETTINIUS & HOLLISTER LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
Tel. (561) 655-2250
Email: gweiss@taftlaw.com
Secondary: tfoust@taftlaw.com
Secondary: psymons@taftlaw.com
Secondary: Icolunga@taftlaw.com
Secondary: mpalazzolo@taftlaw.com

Secondary: bbishop@taftlaw.com

*Counsel for Defendant Jelly Belly Candy Company*

By: _s/ GREGORY S. WEISS_
GREORY S. WEISS, ESQ.
Florida Bar No. 163430

**CERTIFICATE OF SERVICE**

The undersigned certifies that on October 15, 2025, he caused a written copy of this document to be served by Federal Express and an electronic copy to be served by electronic mail to following counsel of record:

Joshua Glickman
Shawn Heller
Social Justice Law Collective, PL
974 Howard Ave.
Dunedin, FL 34698
josh@sjlawcollective.com
shawn@sjlawcollective.com
*Counsel for Plaintiff Adam Lewis*

TAFT STETTINIUS & HOLLISTER LLP
525 Okeechobee Blvd., Suite 900
West Palm Beach, FL 33401
Tel. (561) 655-2250
Email: gweiss@taftlaw.com
Secondary: tfoust@taftlaw.com
Secondary: psymons@taftlaw.com
Secondary: Icolunga@taftlaw.com
Secondary: mpalazzolo@taftlaw.com
Secondary: bbishop@taftlaw.com
*Counsel for Defendant Jelly Belly Candy Company*

By: _s/ GREGORY S. WEISS_
GREORY S. WEISS, ESQ.
Florida Bar No. 163430